UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CEDRIC GREENE,**

    **Plaintiff,**

                                Civil Action 2:20-cv-1558
   **v.**                           Judge Edmund A. Sargus, Jr.
                                Chief Magistrate Judge Elizabeth P. Deavers

**JPMORGAN CHASE, NATIONAL
ASSOCIATION,**

    **Defendant.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

---

[1] Formerly 28 U.S.C. § 1915(d).

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, a federal court has limited subject matter jurisdiction.  "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States.  *Id.* (citation omitted).  For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means

3

that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.

Plaintiff, who appears to reside in Los Angeles, California, is proceeding here without counsel. By order dated April 13, 2020, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis.* (ECF No. 4.) In that order, the Court also noted that Plaintiff had not filed a Complaint and advised him that he was required to do so May 1, 2020. (*Id.*)[1]

Plaintiff filed his Complaint on April 20, 2020. (ECF No. 5.) He names Defendant JP Morgan Chase, National Association ("Chase") as the sole Defendant and asserts claims for "false advertisement and negligence". (ECF #5 at PAGEID #15.) Initially, he indicates that he is invoking this Court's federal-question jurisdiction under 28 U.S.C. § 1331. (*Id*. at PAGEID #16.) Plaintiff alleges that, on July 25, 2019, he received a promotional offer from Chase directed specifically to him and indicating that he would receive 4% cash back on all credit card purchases made with a particular Chase credit card. (*Id.*) Plaintiff explains that, on that same date, "he contacted a supervisor from Chase Credit Card Services and was told to patronize the nearest banking center with the promotional offer and have the material faxed to them." (*Id.*) Plaintiff states that, based on this conversation, he believed that he would obtain 4% cash back on all purchases. (*Id*.) Plaintiff asserts that, when he checked the status on August 6, 2019, he was informed that "Chase would not honor the 4% cash back as advertised in the promotional

---

[1] Plaintiff initiated this action by filing a motion captioned, "Proposed Motion for Leave to File and Submit a Civil Complaint; Declaration in Support." (ECF No. 1) seeking permission to file a lawsuit in this Court. (*See generally id*.) He did not attach a complaint, explaining that he believed he needed permission to file in this Court because of filing restrictions imposed by other courts, notably the Court of Appeals for the Tenth Circuit. Finding that the Plaintiff did not point to any similar restriction issued in this district and that it had no independent awareness of any such restriction, the Court denied this motion as moot. (*Id*.)

offer" he received. (*Id.*). According to Plaintiff, he "retrieved" the denial letter from a Chase banking center and the United States mail. (*Id.*) Plaintiff seeks $10,000 in damages. (*Id.*)

Plaintiff concludes the above allegations with the following statement:

> Additional relief would require Greene to ask that Southern District of Ohio officials DO NOT consider transferring this case matter to any federal venue on the Pacific Coast, or the Western States.

(*Id.*)[2]

"Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020)(citing *Estate of Cornell v. Bayview Loan Servicing, LLC,* 908 F.3d 1008, 1011 (6th Cir. 2018). "Whether a cause of action arises under

---

[2] The Undersigned's far less than exhaustive Westlaw search revealed a truly astounding number of unsuccessful civil actions filed by Plaintiff, now a former California state prisoner, both during his time as an inmate and in the years since his release. Plaintiff has filed suit against defendants as diverse as the United States Postal Service (*Greene v. United States Postal Serv.,* No. C19-0129-JCC, 2019 WL 859134 (W.D. Wash. Feb. 22, 2019), *appeal dismissed*, No. 19-35214, 2019 WL 8266872 (9th Cir. Sept. 17, 2019)); McDonald's (*Greene v. McDonalds Rest.,* No. 11-CV-2563-JM WMC, 2011 WL 5546900 (S.D. Cal. Nov. 14, 2011)); various housing authorities (*see, e.g., Greene v. Hous. Auth. of City of Los Angeles*, No. 18-1009-EFM, 2018 WL 10456442 (D. Kan. Mar. 9, 2018), *aff'd sub nom. Greene v. Sprint Nextel Corp.*, 750 F. App'x 661 (10th Cir. 2018)); and 776 Fed.Appx. 983; and the Comptroller of Currency, *Greene v. Office of Comptroller of Currency*, 776 F. App'x 983 (10th Cir. 2019), *reh'g denied* (Oct. 2, 2019)).

Plaintiff has sought to proceed in courts at every level of the federal courts system including United States District Courts in Colorado, Kansas, Nevada, Utah, Washington, and Texas; United States Courts of Appeals in the 5th, 8th, and 10th Circuits; and the United States Supreme Court.

He has been declared a vexatious litigator minimally by courts in Nevada (*see Greene v. Dantzler*, No. 215CV02096GMNPAL, 2017 WL 663672 (D. Nev. Jan. 27, 2017), *report and recommendation adopted sub nom. Greene*, No. 215CV02096GMNPAL, 2017 WL 663241 (D. Nev. Feb. 15, 2017) and California. *Greene v. Hous. Auth. of City of Los Angeles*, No. 3:19-CV-2713-K-BH, 2019 WL 6619835 (N.D. Tex. Nov. 15, 2019), *report and recommendation adopted*, No. 3:19-CV-2713-K, 2019 WL 6619194 (N.D. Tex. Dec. 4, 2019).

This appears to be his first action filed in the Southern District of Ohio or the Sixth Circuit.

federal law must be apparent from the face of a "'well-pleaded complaint.'" (*Id.* quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). "A claim arises under federal law, for purposes of federal-question jurisdiction, when the cause of action is (1) created by a federal statute or (2) presents a substantial question of federal law." *Id.* (citing *Estate of Cornell*, 908 F.3d at 1012–14.

As the party bringing this action in federal court, it is Plaintiff's burden to establish the Court's jurisdiction.[3]  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).  Here, Plaintiff's complaint fails to identify either a federal statute applicable to his claim or substantial question of federal law.[4]  In the absence of a cognizable federal question, the Court lacks subject matter jurisdiction over this action.  If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.  *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction"). *Id.*  Accordingly, it is **RECOMMENDED** that the Court dismiss Plaintiff's complaint in its entirety for lack of subject matter jurisdiction.

### III.

For the foregoing reasons, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. §

---

[3] Additionally, even construing Plaintiff's Complaint liberally as intending to invoke this Court's diversity jurisdiction to assert state law claims of negligence or false advertising, his claim for $10,000 falls far short of the required $75,000 amount in controversy.

[4] Moreover, construing Plaintiff's Complaint broadly, the Court is not aware of any independent basis for federal question jurisdiction relating to his false advertising claim. Individual consumers have no standing to pursue a claim for false advertising under the Lanham Act, 15 U.S.C. § 1051 et seq. *Phillips v. Philip Morris Companies Inc.,* 290 F.R.D. 476, 483 (N.D. Ohio 2013).

1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and, therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: May 4, 2020         /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE