# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CEDRIC GREENE,**

    **Plaintiff,**

    v.

**JPMORGAN CHASE NATIONAL ASSOCIATION,**

    **Defendant.**

**Case No. 2:20-cv-1558**
**JUDGE EDMUND A. SARGUS, JR.**
**Chief Magistrate Judge Elizabeth Preston Deavers**

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's May 4, 2020, Report and Recommendation (ECF No. 7). Plaintiff Cedric Greene ("Plaintiff") has filed an Objection to the Report and Recommendation (ECF No. 8). For the reasons stated herein, the Court **OVERRULES** Plaintiff's Objection to the Report and Recommendation (ECF No. 8) and **ADOPTS** the May 4, 2020 Report and Recommendation (ECF No. 7). The above-captioned case is **DISMISSED**.

## I.

Plaintiff is an individual residing in California. (Compl. at 1, ECF No. 5.) On April 20, 2020, Plaintiff sued J.P. Morgan Chase, National Association ("Defendant") for "false advertising and negligence." (*Id.*) Plaintiff alleges that on July 25, 2019, he received "a promotional offer from [Defendant] indicating that he would receive 4% cash back on all credit card purchases with the Chase Freedom Unlimited Credit Card." (*Id.* at 2.) Plaintiff contends that on the same day he "contacted a supervisor from Chase Credit Card Services and was told to patronize the nearest banking center with the promotional offer, and have the material faxed to them." (*Id.*) Plaintiff

states he followed this instruction and thus, "it was [his] belief that he would obtain the 4% cash back on all purchases." (*Id.*)

On August 6, 2019, a Chase credit card services supervisor informed Plaintiff that it would not honor the 4% cash back promotional offer. (*Id.*) Plaintiff states that due to these events he seeks $10,000 from Defendant. (*Id.*) Plaintiff also requests the Court "[not] consider transferring this case to any federal venue of the Pacific Coast, or the Western States." (*Id.*)

The Magistrate Judge recommended that the Court dismiss the action for lack of subject-matter jurisdiction. (Order & Initial Screen R. & R. at 6, ECF No. 7, hereinafter "R. & R.") Plaintiff has submitted one objection. (*See* Pl.'s Obj. R. & R., ECF No. 8, hereinafter "Pl.'s Obj.")

**II.**

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

The federal *in forma pauperis* statute is "designed to ensure indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E. I. Dupont De Numours & Co.,* 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress included subsection (e) authorizing federal courts to dismiss certain claims *sua sponte*. *Id.* Courts may, *sua sponte,* dismiss claims which they determine are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Neitzke*, 490 U.S. at 324.

Additionally, complaints must satisfy Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court's standards articulated to govern dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim apply also to Section 1915(e). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Rule 8(a) "imposes legal *and* factual demands on the author of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502, 504 (6th Cir. 2013).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6), a court must construe it in the light most favorable to the plaintiff and determine whether the factual allegations present any plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); s*ee also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility of an inference depends on many considerations, "including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504. Although a plaintiff's complaint needs not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally*." Garret v. Belmont Cty. Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (Citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "this less stringent standard 'does not compel the courts to conjure up unpleaded facts to support conclusory allegations.'" *Pettus-Brown v. United States*, No. 1:07-cv-052, 2008 WL

3

686874, at *1 (S.D. Ohio Mar. 12, 2008) (citing *Steen v. Detroit Police Dep't*, No. 92-2409, 1993 WL 219875, at *2 (6th Cir. June 21, 1993)); *see also Lott v. Kmart*, No. 2:13-cv-990, 2014 WL 1884406, at *1 (S.D. Ohio May 9, 2014) ("This lenient treatment, however, has limits, 'courts should not have to guess at the nature of the claim asserted.'" (citing *Frengler v. Gen Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quotations omitted))).

## III.

The Magistrate Judge concluded that there is neither federal question subject-matter jurisdiction, nor diversity subject-matter jurisdiction in this case. (R. & R. at 6.) Thus, the Magistrate Judge concluded the case needs dismissed. (*Id.*) Plaintiff objects, arguing there is subject-matter jurisdiction because banking operates under a federal statute. (Pl.'s Objs. at 2–3.)

1. **Federal Question Jurisdiction**

The Magistrate Judge concluded there is no federal question jurisdiction because Plaintiff's Complaint fails to identity either a federal statute applicable to his claim or a substantial question of federal law. (R. & R. at 6.) Plaintiff objects because "[b]anking and [b]anks are operated under 12 U.SC. [sic] Title 12," and thus, "the Federal Court has to be involved in the instant matter."[1] (Pl.'s Objs. at 2.).

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). A district court has jurisdiction over a civil case under Section 1331 (i.e. federal-question jurisdiction) when "she

---

[1] Plaintiff's objection also asks the Court not to remand the case. (Pl.'s Objs. at 2.) The Court cannot remand the case because the case was not removed from state court to begin with. *See* 28 U.S.C. § 1447.

4

pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* The issue of federal law must appear on the face of the Complaint. *Sayyah v. Yeager*, No. 1:04-CV-395, 2005 WL 1705041, at *1 (S.D. Ohio July 20, 2005) (citing *Ford v. Hamilton Inv., Inc.*, 29 F.3d 225, 258 (6th Cir. 1994)).

Plaintiff's mere incantation of Section 1331 in the Complaint, alone, does not create a basis for federal question jurisdiction. *US Tech. Corp. v. Johnson*, No. 2:08-CV-82, 2009 WL 86745, at *7 (S.D. Ohio Jan. 13, 2009). Other than citing to the jurisdictional statute, Plaintiff's Complaint does not mention any other federal statutes.

In Plaintiff's objection, Plaintiff references Chapter 12, Title 12, of the United States Code. Even if Plaintiff had plead this statute in his Complaint, Plaintiff's mere reference tp Chapter 12 Title 12 does not invoke federal question jurisdiction. Plaintiff is not bringing suit under any section of this statute, alleging a violation of any section of the statute, or claiming a substantial question of federal law relating to the statute. Instead, Plaintiff merely states that banking matters are operated under this title. This is insufficient to invoke federal question jurisdiction for federal question jurisdiction. *See Engle v. Uhaul*, 208 F. Supp. 3d 844, 848 (S.D. Ohio 2016) (noting that merely referencing a federal statute, without alleging the defendant violated a provision of the statute, does not create federal question jurisdiction).

Thus, the Court agrees with the Magistrate Judge that Plaintiff has not brought a case which arises under any federal law and therefore cannot invoke federal question jurisdiction.

**2. Diversity Jurisdiction**

The Magistrate Judge also concluded there is no diversity jurisdiction because Plaintiff's claim for $10,000 falls short of the required $75,000 amount in controversy. (R. & R. at 6 n.3.) Plaintiff raises the same objection as he did in connection with the Magistrate Judge's conclusion

5

that there is no federal question jurisdiction. (Pl.'s Objs. at 2.) Plaintiff argues that because banking is regulated by the United States Code the federal Court should hear this case. (*Id.*)

A district court has jurisdiction over a civil case under Section 1332 (i.e., diversity jurisdiction) where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity, such that each plaintiff is diverse from each defendant. *Caterpillar Inc., v. Lewis*, 519 U.S. 61, 68 (1996).

Here, the amount in controversy requirement is not met. Plaintiff's argument that this requirement should be excused because banking is regulated by the United States Code is not persuasive. While a federal statute may be relevant to federal question jurisdiction, as discussed above, it is not needed for diversity jurisdiction and does not allow a litigant to bring suit in federal court in the absence of the amount of controversy.

Thus, the Court agrees with the Magistrate Judge that Plaintiff cannot bring this case in federal court through diversity jurisdiction. Thus, the Court does not have subject-matter jurisdiction, and thus, must dismiss this action. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

**IV.**

In conclusion, the Court **OVERRULES** Plaintiff's Objection (ECF No. 8) and **ADOPTS** the May 4, 2020, Report and Recommendation (ECF No. 7), thereby **DISMISSING** the action. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**5/27/2020**                           **s/Edmund A. Sargus, Jr.**
**DATE**                               **EDMUND A. SARGUS, JR.**
                                       **UNITED STATES DISTRICT JUDGE**